■ In the Matter of GERARD J. REARDON, Appellant, v DEBORAH J. REARDON, Respondent. [896 NYS2d 255]—

Malone Jr., J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered February 26, 2009, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) appeared in Family Court in January 2008 and, at that time, despite the existence of an order granting him visitation with the parties' twin daughters (born in 1995), the father had not been able to exercise his right due to the daughters' aversion to his unspecified illness. The daughters were in therapy and refused therapeutic visitation with the father to restore their relationship. An agreement was reached at the appearance by which the father consented to forgo his visitation rights until the daughters had completed four weekly therapy sessions, at which time the parties would reconvene and, if the Law Guardian reported that the children were ready, therapeutic visitation would be permitted. If after those four sessions the children were not ready, Family Court told the father that he could file a petition and a hearing would be held, after which the court would decide the issue of the nature and extent of the father's visitation. Unfortunately, the subsequently entered written order, while indicating it was on consent and pursuant to a stipulation, did not reflect this in-court agreement and states only that the father's visitation was "suspended until further [o]rder" of the court. Seven months thereafter, the father commenced this proceeding seeking "some contact with [his daughters], therapeutic or otherwise," and the mother moved to dismiss the petition. Finding that the petition contained only conclusory allegations of a change in circumstances and did not comply with CPLR 3013, Family Court dismissed the petition without a hearing. The father appeals.

Although the father did not specifically refer to the parties' in-court agreement in his pro se petition, nor did he allege that he was entitled to a hearing due to the daughters' completion of four therapy sessions as stipulated by the parties at the January 2008 appearance, he did allege that he had not had any contact with his daughters since the entry of the written order, the mother was actively impeding his relationship with his daughters and, despite his "efforts to eventually be involved

with [his] daughters' therapy," no recommendation had been forthcoming about commencing therapeutic visitation. In his opposition to the mother's motion to dismiss, however, he unequivocally invokes the terms of the stipulation as discussed at the January 2008 appearance.[1] Whether the father's petition is viewed as either a request to enforce the terms of the parties' stipulation or a new modification petition, which the parties had agreed would not require a showing of a change in circumstances (see e.g. Posporelis v Posporelis, 41 AD3d 986, 988-989 [2007])—or, as the father argues, that the daughters' completion of four therapy visits would constitute a change in circumstances—the fact remains that, at the January 2008 appearance, Family Court clearly promised the father that if he agreed to suspend his visitation, he would be informed of his daughters' progress in therapy and that, upon his subsequent application, the court would "conduct a hearing on the issue." Under these circumstances, particularly considering that the father has not been provided with any information regarding his daughters' progress from the therapist, the Law Guardian or the mother,[2] apparently despite his effort to obtain such information, we find that Family Court erred by dismissing the petition without conducting a hearing.

Spain, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the facts, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision.

---

1. It is not clear whether the father possessed a transcript of the January 2008 appearance at the time he filed his petition or, for that matter, that Family Court possessed a copy at the time that it entertained the father's application.

2. Neither the Law Guardian nor the mother submitted an affidavit reflecting the status of the daughters' therapy.